UNITED STATE DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GREENSBORO DIVISION

| | | |
|---|---|---|
| NICOLE BURGUENO, administrator of the Estate of BRETT BURGUENO, and SHANNON BUTLER, administrator of the Estate of CURTIS BUTLER<br>v.<br>INDUSTRIAL SERVICES GROUP, INC., d/b/a UNIVERSAL BLASTCO, and EVERGREEN PACKAGING, LLC | * * * * * * | NUMBER:<br>DIVISION:<br>MAGISTRATE:<br>JURY TRIAL DEMANDED |

********************************************************************

## COMPLAINT

**1.**

This action is brought pursuant to the Wrongful Death Act, North Carolina Gen. St. Section 28A – 18 – 1, et seq., for the death of the decedent Brett Burgueno by Nicole Burgueno ("Burgueno") as the administrator and personal representative of the estate of the decedent Burgueno on behalf of all persons entitled to recover damages under North Carolina Gen. St. Section 28A – 18 – 2, and for the death of the decedent Curtis Butler ("Butler") by Shannon Butler, administrator and personal representative of the estate of the decedent Butler, and all persons entitled to recover damages under North Carolina Gen. Stat. section 28 A – 18 – 2.

**2.**

This action contemplates that recovery is not limited to the causes of action and available

damages under the North Carolina Wrongful Death Act and to the extent plaintiffs reference or reflect outlying causes of action, all of the persons entitled to recover damages under North Carolina Gen. Stat. Section 28A – 18 – 2 may also recover damages not delineated in the Wrongful Death Act pursuant to a survivor's action.

Parties

**3.**

Plaintiff Nicole Burgueno is of the full age of majority and is a resident of Ohio and was appointed administrator of the estate of Brett Burgueno on April 29, 2021 in Superior Court of Haywood County, North Carolina. Plaintiff is the proper party to bring this action pursuant to the Wrongful Death Act, North Carolina Gen. Stat. Section 28A – 18 – 2, and she brings this action on behalf of all persons entitled to recover damages under North Carolina Gen. Stat. section 28A – 18 – 2 and the intestate succession statutes of North Carolina, N.C. Gen. Stat. section 29 – 1, et seq.

**4.**

Plaintiff Shannon Butler is of the full age and majority and is a resident of Louisiana and was appointed administrator of the estate of Curtis Butler on August 13, 2021 in Superior Court, Haywood County, North Carolina. Plaintiff is the proper party to bring this action pursuant to the Wrongful Death Act, North Carolina Gen. Stat. Section 28A -18 – 2, and she brings this action on behalf of all persons entitled to recover damages under North Carolina Gen. Stat. Section 28A – 18 – 2 and the intestate succession statutes of North Carolina, Gen. Stat. section 29 – 1, et seq.

**5.**

Defendant Industrial Services Group, Inc. d/b/a Universal Blastco ("Universal Blastco") is a South Carolina corporation conducting business in North Carolina, with a registered office in North Carolina and upon whom service of process may be made on Corporation Service Company, 2626 Glenwood Ave., Suite 550 Raleigh, NC 27608.

**6.**

Defendant Evergreen Packaging, LLC ("Evergreen") is a Delaware limited liability company with its principal place of business in Tennessee, conducting business in North Carolina and upon whom service of process may be made on Corporation Service Company, 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608

**7.**

Defendants are liable individually, jointly, severally, and *in solido* unto the complainants in an amount reasonable in the premise, plus all costs of these proceedings, with interest from the date of judicial demand.

Jurisdiction and Venue

**8.**

This court has jurisdiction over the subject matter of this action pursuant to 28 U. S. C. Section 1332 as the matter in controversy exceeds the sum of $75,000.00 and plaintiffs are citizens of a state other than that of any and all defendants.

**9.**

This court has personal jurisdiction over the defendants as they each conducted numerous

business activities in North Carolina.

**10.**

Venue is proper in this district under 28 U. S. C. Section 1391 because a substantial part of the events and omissions giving rise to the claim occurred in this district.

Facts

**11.**

On September 21, 2020, employees of Universal Blastco were using a heat gun to warm up a highly flammable epoxy vinyl resin in order to more easily install fiberglass matting to the interior of the D2 up flow tower located in Evergreen's mill in Canton, North Carolina when the unsecured heat gun fell into a bucket of resin, resulting in an out of control fire that traveled rapidly from the up flow tower, over a top crossover, and into the connected D2 down flow tower where two employees of Rimcor, LLC, Brett Burgueno and Curtis Butler, were working upon scaffolding high within that tower sandblasting its interior. Both above-named individuals were killed in the fire, sustaining various and severe blunt force injuries and extensive smoke inhalation in what obviously constituted a tragic, fearful, and terribly painful death. While the action of the Universal Blastco employees' use of a heat gun in the presence of a flammable liquid with a flashpoint of only 79°F triggered this tragic fire and was a proximate cause of the loss of life, Evergreen failed to adequately monitor and coordinate its contractors during these maintenance projects at the Canton mill, to the extent that the actions of employees of one employer gravely endangered the employees of another while working simultaneously in the same confined space.

Claims for Relief Against Universal Blastco

**12.**

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

**13.**

During all pertinent times, Universal Blastco owed a duty of care to Brett Burgueno and Curtis Butler to act properly and safely in its applying fiberglass to the interior of the D2 up flow tower.

**14.**

Universal Blastco negligently, recklessly, and/or intentionally breached its duty of due care toward Mr. Burgueno and Mr. Butler by:

A) Failing to undertake appropriate protective measures, training, instructions, warnings, and monitoring to prevent foreseeable injury or death to individuals occupying the same confined space or adjacent space as its own employees who were tasked with applying, reapplying, repairing, or maintaining the interior surface of the D2 up flow tower;

B) Using open flames or other sources of ignition in the immediate vicinity of Category 3 flammable liquids endangering all occupants of the confined space in contiguous spaces making up the D2 up flow and downflow towers and crossover;

C) Using a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid, with a flashpoint of 79°F while installing fiberglass matting to the interior of the D2

up flow tower and endangering all of the occupants of the confined space making up the D2 up flow tower and the D2 downflow tower;

D) Allowing the unsecured heat gun to fall into the abovementioned bucket of resin that resulted in a foreseeable and uncontrollable fire that killed Brett Burgueno and Curtis Butler;

E) Dispensing into five-gallon plastic buckets the highly flammable Derakane 510N epoxy vinyl ester resin despite the high likelihood of fire and the buckets propensity to melt;

F) Improper grounding;

G) Lack of continuous and proper air monitoring at the D2 up flow tower;

H) Failing to be aware of the presence of workers of another contractor working simultaneously within the same or adjacent confined space when installing, applying, reapplying, repairing, or maintaining the fiberglass matting on the interior surface of the D2 up flow tower;

I) Failing to be aware of the particular risks the occupants of the D2 up flow tower created with its employees' simultaneous use of a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79°F while installing fiberglass matting to the interior of the deed to up flow tower;

J) Failing to adequately assess the risk of harm;

K) Failing to have hot work permits while using a heat gun in the presence of flammable liquids;

L) Being unaware of the volatile chemical hazards within the confined space in which its

employees were working;

M) Failing to ensure adequate fire prevention measures both before and during the outbreak of the abovementioned fire;

N) Failure to take precautionary measures to protect its own employees and employees of others during the workplace in normal operating conditions and in foreseeable emergencies.

O) Failure to properly and adequately communicate when circumstances demanded it; and

P) Failure to properly respond to a fire of its own making.

**15.**

Defendant Universal Blastco's abovementioned acts and omissions were a legal and proximate cause of the death of Mr. Burgueno and Mr. Butler

Defendant Universal Blastco is liable for compensatory damages in excess of $75,000.00 as a direct and proximate result of its negligent, grossly negligent, and willful and wanton conduct.

Negligence Per Se

**16.**

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein
.

**17.**

In addition to its duties to Brett Burgueno and Curtis Butler under the common law, defendant Universal Blastco was also subject to certain regulatory and statutory duties including but not limited to requirements imposed by the Occupational Safety and Health Act, 29 U. S. C.

1, et seq., as well as potentially other state and federal regulations.

**18.**

Defendant Universal Blastco is liable for negligence per se for violation of statutory and regulatory duties and/or Universal Blastco's violations of relevant regulations and statutes otherwise support a finding that Universal Blastco violated its duty of due care and was negligent under the facts and circumstances herein.

**19.**

Defendant Universal Blastco's abovementioned relevant acts and omissions were a legal and proximate cause of the death of Mr. Burgueno and Mr. Butler.

**20.**

Defendant Universal Blastco is liable for compensatory damages in excess of $75,000.00 as a direct and proximate result of its negligent, grossly negligent, and willful and wanton conduct herein.

Gross Negligence and Willful and Wanton and Reckless Conduct

**21.**

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

**22.**

Defendant Universal Blastco consciously and intentionally disregarded and was indifferent to the rights and safety of Brett Burgueno and Curtis Butler when it knew or should have known that using an open flame or other source of ignition, namely a heat gun, unsecured, to warm

Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79°F while installing a fiberglass mat to the interior of the D2 up flow tower at the Evergreen Canton mill presented a danger that was reasonably likely to result in injury, damage, or other harm.

23.

Moreover, the officers, directors, or managers of the corporation constituting Universal Blastco participated in or condoned the above-described willful and wanton conduct.

24.

For many years prior, Universal Blastco had contracted with Evergreen to perform the maintenance task of applying the fiberglass in the D2 up flow tower, and use of the heat gun, though a regulatory prohibited action, had become a standard practice, particularly in cooler weather in order to heat the resin to make the application of the fiberglass easier.

Claims for Relief Against Evergreen

25.

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

26.

During all pertinent times, defendant Evergreen owed a duty of care to Brett Burgueno and Curtis Butler to act properly and safely in its business of coordinating multiple contractors performing mill maintenance in the vicinity of the D2 up flow and downflow tower.

27.

Evergreen negligently, recklessly, and/or intentionally breached its duty of care toward Mr.

Burgueno and Mr. Butler by:

A) Failing to undertake appropriate protective measures, training, instructions, warnings, and monitoring to prevent foreseeable injury or death to individuals occupying the same confined space or adjacent space while employed by multiple employers engaged in different tasks, one of which Universal Blasco was tasked with applying, reapplying, repairing, or maintaining the interior surface of the D2 up flow tower.

B) Condoning the use of open flames or other sources of ignition in the immediate vicinity of Category 3 flammable liquids endangering all occupants of the confined spaces making up the D2 up flow and downflow towers and crossover.

C) Condoning use of a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid, with a flashpoint of 79°F, in the course of an installation of a fiberglass mat in the interior of the D2 up flow tower.

D) Condoning the use of an unsecured heat gun under the aforementioned circumstances;

E) Failure to adequately insure against the harm occasioned and sued upon, despite the foreseeable nature of the fire;

F) Failure to warn;

G) Failure to inform and safely coordinate two sets of contractors' employees working within the same confined space;

H) Failure to provide adequate fire control measures in the event of a fire of the nature described herein;

I) Underestimating the risk of harm;

J) Ignoring alerts and warnings from others directly made to Evergreen regarding the unsafe practices of Universal Blastco, including use of a heat gun and perilous conduct using highly flammable materials;

K) Failure to properly monitor the acts and omissions of contractors working in its plant;

L) Failure to enforce OSHA regulations on its premises;

M) Failure to train its own employees to adequately monitor and instruct contractors in regard to safe practices;

N) Failure to enforce against violations of hot work permitting by Universal Blasco; and

O) Failure to have in place adequate escape routes from the confined space of D2 up flow and downflow towers confined space in the event of fire.

**28.**

Defendant Evergreen's abovementioned relevant acts and omissions were a legal and proximate cause of the death of Mr. Burgueno and Mr. Butler.

**29.**

Defendant Evergreen is liable for compensatory damages in excess of $75,000.00 as a direct and proximate result of its negligent, grossly negligent, and willful and wanton conduct herein.

Evergreen's Gross Negligent and Willful and Wanton Reckless Conduct

**30.**

Plaintiffs incorporate all preceding paragraphs fully set forth herein

**31.**

Defendant Evergreen consciously and intentionally disregarded and was indifferent to the rights and safety of Brett Burgueno and Curtis Butler when it knew or should have known that the defendant contractor Universal Blastco was engaging in the extremely hazardous conduct which presented a danger that was reasonably likely to result in injury, damage, or other harm, namely, but not limited to, Universal Blastco's decision to use an open or other source of ignition, particularly a heat gun, unsecured, to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79°F while installing a fiberglass mat to the interior of Evergreen's D2 up flow tower at the Canton mill. Evergreen chose to take no preventive or interventional action despite the obvious and unreasonable danger that such conduct created, despite the fact that Universal Blastco's actions were in clear violation of OSHA regulations, and despite the likelihood of fire such as occurred in the foreseeable and preventable deaths of the occupants of the downflow tower, all of which Evergreen knew or should have known.

Damages of Burgueno

**32.**

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

**33.**

Plaintiff, Nicole Burgueno, as the administrator and personal representative of the estate of the decedent Brett Burgueno, on behalf of all persons entitled to recover damages under N.C. Gen. Stat. Section 28A – 18 – 2 pleads for all damages available under the North Carolina Wrongful

Death Act, including but not limited to:

A) Compensation for pain-and-suffering of the decedent Burgueno;

B) Reasonable funeral expenses of the decedent Burgueno;

C) The present monetary value of the decedent Brett Burgueno to any and all persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;

D) Net income of the decedent Brett Burgueno;

E) Society, companionship, comfort, guidance, kindly offices, and advice of the decedent Burgueno to the persons entitled to damages recovered;

F) Such punitive damages as the decedent Burgueno could have recovered pursuant to Chapter 1D of the N.C. Gen. statutes had the decedent survived and punitive damages for wrongfully causing the death of the decedent Brett Burgueno through malice or willful wanton conduct, as defined in Gen. Stat. 1D – 5.

**34.**

To the extent the following damages are outside the contemplation of the North Carolina Wrongful Death Act, Section 28A – 18 – 1, et seq., plaintiff Nicole Burgueno, as the administrator of the estate and personal representative of the decedent Brett Burgueno asserts the following damages were additionally sustained:

A)   Decedent Brett Burgueno's mental anguish and emotional distress; and

B)   Decedent Brett Burgueno's fear and fright.

Damages of Butler

**35.**

Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

**36.**

Plaintiff, Shannon Butler, as the administrator and personal representative of the estate of the decedent Curtis Butler, on behalf of all persons entitled to recover damages under N.C. Gen. Stat. Section 28A – 18 – 2 pleads for all damages available under the North Carolina Wrongful Death Act, including but not limited to:

A) Compensation for pain-and-suffering of the decedent Butler;

B) Reasonable funeral expenses of the decedent Butler;

C) The present monetary value of the decedent Butler to any and all persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;

D) Net income of the decedent Brett Butler;

E) Society, companionship, comfort, guidance, kindly offices, and advice of the decedent Butler to the persons entitled to damages recovered;

F) Such punitive damages as the decedent Butler could have recovered pursuant to Chapter 1D of the N.C. Gen. statutes had the decedent survived and punitive damages for wrongfully causing the death of the decedent Butler through malice or willful wanton conduct, as defined in Gen. Stat. 1D – 5.

**37.**

To the extent the following damages are outside the contemplation of the North Carolina Wrongful Death Act, Section 28A – 18 – 1, et seq., plaintiff Shannon Butler, as the administrator of the estate and personal representative of the decedent Curtis Butler asserts the following damages were additionally sustained:

- A) Decedent Curtis Butler's mental anguish and emotional distress; and
- B) Decedent Curtis Butler's fear and fright.

Jury Trial Demand

**38.**

Plaintiffs request a trial by jury of all claims and causes of action that are so triable.

Prayer for Relief

WHEREFORE, plaintiffs, Nicole Burgueno and Shannon Butler, pray that the Court enter its judgment finding and ordering as follows:

- A) This matter be found in favor of plaintiffs and judgment be held against the defendants individually, jointly, severally, and *in solido*.
- B) Awarding plaintiffs all actual and compensatory damages to which plaintiffs are entitled by law from the deaths of the decedents, Brett Burgueno and Curtis Butler;
- C) Awarding the plaintiffs punitive damages;
- D) Awarding any costs, fees, expenses, and pre-judgment and post-judgment interest, as may be allowable by law; and
- E) Awarding such other and further relief as this court may deem just and proper.

This the 25th day of August 2021.

                                                  /s/Jeffrey L. Oakes
                                                  Jeffrey L. Oakes (N.C. Bar No. 24448)
                                                  Brice Jones and Associates, LLC
                                                  61025 Highway 1091
                                                  Slidell, Louisiana 70458
                                                  Tel: (985) 643-2413
                                                  jeffrey@bricejoneslaw.net